[Docket Nos. 1, 1-1]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| ANTHONY DAVID MITROS,<br><br>                Plaintiff,<br><br>    v.<br><br>KEVIN T. MCCONNELL, JENNIFER H. MCCONNELL, AND NANCY RIDGEWAY,<br><br>                Defendants. | Civil No. 25-3847 (RMB-SAK)<br><br>**OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge**

**THIS MATTER** comes before the Court upon the filing of a Complaint and application to proceed in forma pauperis ("IFP") by *pro se* Plaintiff Anthony David Mitros. [Docket Nos. 1, 1-1.] The IFP application establishes Plaintiff's financial eligibility to proceed without prepayment of the filing fee and will be **GRANTED**.

I.    **SCREENING FOR DISMISSAL**

When a plaintiff files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts, however, must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The legal standard for dismissing a complaint for failure to state a

claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556.

## II. ANALYSIS

Although the factual allegations are somewhat unclear, Plaintiff appears to bring whistleblower retaliation claims against an Atlantic County, Superior Court Judge, the Honorable Nancy Ridgway, and two individuals, Kevin and Jennifer McConnell. [Docket No. 1 at 4 (alleging "retaliation against a whistleblower").]

As alleged, the Court lacks subject matter jurisdiction over the dispute. Federal courts have original jurisdiction over disputes between citizens of different states where the amount in controversy is greater than $75,000, 28 U.S.C. § 1332, and cases "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. For a federal court to properly have diversity jurisdiction, the parties must be "completely diverse." That means that no plaintiff can be a citizen of the same state as any defendant. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)

(complete diversity "requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant").

Plaintiff is a prisoner at Northern State Prison in Newark, New Jersey and, prior to his incarceration, appears to have been a New Jersey domiciliary. [Docket No. 1 at 6]; *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 247 (3d Cir. 2013) (prisoner presumptively remains citizen of the state where he was domiciled before his incarceration). And, as alleged, the McConnells also appear to be New Jersey domiciliaries. [Docket No. 1 at 4.] So, because the parties, as alleged, are not completely diverse the Court cannot exercise subject matter jurisdiction based on diversity of citizenship. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) ("[A] party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists[.]").[1]

---

[1] Although the only basis for the Court's jurisdiction seems to be diversity of citizenship given the whistleblower retaliation allegations (which would arise under state law), if Plaintiff meant to bring federal civil rights claims against Defendants, [Docket No. 1 at 2 (alleging that jurisdiction is predicated on 42 U.S.C. § 1983)], those claims would also fail. The McConnells are not state actors under 42 U.S.C. § 1983. Judge Ridgeway is a state actor but has absolute judicial immunity from suit based on her judicial acts. *Dongon v. Banar*, 363 F. App'x 153, 155 (3d Cir. 2010) ("[J]udges are entitled to absolute immunity from liability based on actions taken in their official judicial capacity.") (3d Cir. 2010) (citing *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983)). Because the allegations related to Judge Ridgeway make repeated references to her judicial position and an underlying state court case, [Docket No. 1 at 4–5], the Court finds that the claims implicate judicial acts from which Judge Ridgeway is absolutely immune.

## III. CONCLUSION

For the reasons stated above, the Court will **GRANT** Plaintiff's IFP application and will **DISMISS** the Complaint **WITHOUT PREJUDICE**. An appropriate Order follows.

**May 21, 2024**                                                        **s/Renée Marie Bumb**
Date                                                                                  RENÉE MARIE BUMB
                                                                                              Chief United States District Judge